IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANESHA REMBERT,<br>        Plaintiff,<br><br>vs.<br><br>MOUNT VERNON INTERNAL<br>MEDICINE; LINDA BOWER,<br>DR. SHARON P. TINANOFF,<br>DR. CHARLES D. COHN,<br>DR. JEFFERY P. POLEKOFF,<br>and its assigns, successors in interest,<br>et al.<br>        Defendants. | }<br>}<br>}<br>}CIVIL ACTION<br>}FILE NO. _____<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

## COMPLAINT

COMES NOW TANESHA REMBERT (hereinafter, "Plaintiff") and files this Complaint against Defendants, showing as follows:

## JURISDICTION

1.

This action is brought pursuant Section to 42 U.S.C. § 1981, and 28 U.S.C. §§1331, 1343, and 1367.

1

2.

The Court has jurisdiction over claims brought under state law in that these claims arise under the same nucleus of operative facts which form the basis of the Federal claims and are pendent thereto.

## VENUE

3.

A substantial part of the events or omissions giving rise to the claim in this matter occurred in this judicial district in Atlanta, Georgia, one or more defendants is located in this judicial district, and venue is thus proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C §1391.

## PARTIES

4.

Plaintiff is a black female who at all times relevant hereto was an employee at Mount Vernon Internal Medicine (hereinafter, "Defendant MVIM").

5.

At all times relevant to this Complaint, Defendant MVIV, conducted business in the State of Georgia, Fulton County.

6.

Defendant, Linda Bower (hereinafter, "Defendant Bower"), was employed by Defendant MVIM.

7.

Defendants Dr. Sharon P. Tinanoff, Dr. Charles D. Cohn, and Dr. Jeffery P. Polekoff (hereinafter, Defendant Tinanoff, Defendant Cohn, and Defendant Polekoff) are partners and/or owners of MVIM.

8.

Defendant MVIM is a Georgia Corporation, and it cannot be verified that it is authorized to do business in Georgia according to the records on file at the Secretary of State Office. (See Exhibit "1").

9.

All Defendants can be served as provided by law.

## FACTUAL ALLEGATIONS

10.

Plaintiff was employed by Defendant MVIM on or about February 28, 2008, through May 30, 2012.

11.

During this period, Plaintiff worked as a Medical Records Clerk.

12.

During Plaintiff's employment with Defendant MVIM, she was never written up or had any adverse disciplinary reports to her file.

13.

At some point in 2010 and 2011, Plaintiff received a raise.

14.

During Plaintiff's employment with Defendant MVIM, she was subjected to harassment on account of her race by Defendants, MVIM, particularly Defendant Bower.

15.

The Defendants (Tinanoff, Cohn, and Polekoff) are liable for Defendant Bower's conduct pursuant to the Doctrine of Respondent Superior.

16.

During the course of Plaintiff's employment, Defendants, particularly Defendant Bower, continued to subject Plaintiff to harassment and treated Plaintiff differently and unequally in the terms and conditions of her employment, on account of Plaintiff's race.

17.

Plaintiff was scrutinized in her job performance more closely and treated differently than white employees.

18.

Other Caucasian employees deviated from company policies on a continual basis, and they were never reprimanded, even though Plaintiff put Defendants on notice of these violations.

19.

Caucasian employees were permitted to use the computer more often than Plaintiff.

20.

Bower forced Plaintiff to perform tasks beyond the scope of her job duties.

21.

Plaintiff complained to Defendant MVIM that she was being singled out because she is black. However, nothing was done. Defendant MVIM not only allowed Bower to treat Plaintiff in such a manner, but Defendant Polekoff also physically abused another black female employee.

22.

In 2012, while Plaintiff was using the computer, Defendant Bower struck Plaintiff in the back with a stack of medical records.

23.

Defendant Bower's conduct and actions were hostile towards Plaintiff, willful and wanton, and without regard for Plaintiff's safety and right to be free from abuse.

24.

Plaintiff did not provoke Defendant Bower to strike her, nor was Defendant justified in striking Plaintiff.

25.

As a result, Plaintiff filed a police report against Defendant Bower for assault and battery. (See Exhibit "2")

26.

After Plaintiff filed the report for assault and battery, Defendants escalated their harassment against her.

27.

As a result of the discrimination and harassment, Plaintiff filed discriminatory charges with EEOC, on or about April 10, 2012.

28.

Defendants continued to harass Plaintiff more harshly.

29.

Defendant Bower cursed Plaintiff and often used profanity when speaking to her.

30.

On two separate occasions, Defendant Bower threatened to fire Plaintiff because of her EEOC filing.

31.

On or about May 30, 2012, Defendant terminated Plaintiff after receiving notice from EEOC on May 23, 2012 that they (EEOC) would not be pursuing the case because Defendant MVIM did not have fifteen (15) or more employees.

32.

Plaintiff was subjected to harassing and offensive conduct, different and unequal treatment, as compared to white employees, such as to create a hostile working environment in violation of the law.

33.

Defendant MVIM was aware of or should have been aware of the hostile and unequal environment existing and created by the company through the conduct of its management and owners/partners.

34.

Plaintiff was a good-productive employee of MVIM who was forced to do others jobs as well as her own.

35.

Plaintiff was terminated on account of her race.

36.

In addition, Defendants' termination of Plaintiff was done in retaliation to Plaintiff filing a police report for assault, battery and filing EEOC discrimination charges.

37.

Before Plaintiff complained about racial discrimination to her superiors at MVIM, Plaintiff received all good and satisfactory evaluations.

38.

After Plaintiff complained about discrimination, made a police report for the battery and filed EEOC charges, the terms and conditions of her job changed; she was scrutinized more closely, verbally warned about trivial issues when whites who were involved in similar activities were not warned, and was generally treated worse than before she complained and filed the charges.

## COUNT I
## 42 U.S.C. §1981 – Wrongful Termination

39.

Plaintiff incorporates the allegations contained in paragraphs 1 through 38, as if specifically plead herein.

40.

Defendants, by their conduct and actions, violated Plaintiff's Fourteenth Amendment right of equal protection and equal right to contract.

41.

Defendants' actions as articulated in paragraphs 1 through 38 above constituted a wrongful termination, in that Defendants terminated Plaintiff on account of her race.

## COUNT II

## Hostile Work Environment and Disparate Treatment

42.

Plaintiff incorporates the allegations contained in paragraphs 1 through 41, as if specifically plead herein.

43.

Defendants' actions as articulated in paragraphs 1 through 38 above constituted a hostile workplace environment, in that they were unwelcome, offensive, and abusive.

44.

Defendants' actions as articulated in paragraphs 1 through 38 above constituted disparate treatment, in that Defendant Bower treated employees similarly situated to Plaintiff by allowing the Caucasian employees to enjoy a particular benefit but denying Plaintiff the same benefit because of her race.

## COUNT III
## Retaliation

45.

Plaintiff incorporates the allegations contained in paragraphs 1 through 44, as if specifically pled herein.

46.

The actions of Defendant were retaliatory in that they fired her because of race and in retaliation for filing a police report for assault and battery and filing an EEOC complaint.

47.

All actions complained of above, and other discriminatory actions not referenced herein, were in retaliation for Plaintiff's complaints about racially discriminatory conduct and the unlawful touching she sustained by Defendant Bower.

48.

The actions of Defendants were willful, wanton, intentional and in reckless disregard of Plaintiff's federally protected rights.

49.

As a result of Defendants' conduct, Plaintiff has suffered humiliation and embarrassment constituting mental anguish and suffering, and Plaintiff is entitled to an award of damages to be determined by a fair and impartial jury.

50.

Plaintiff has been harmed and has suffered as a result of the conduct of the Defendants, and Plaintiff is entitled to damages under the provisions, including compensatory damages, back pay, front pay, punitive damages and cost of litigation, all to be determined at trial.

## COUNT IV
### Battery

51.

Plaintiff incorporates the allegations contained in paragraphs 1 through 50, as if specifically pled herein.

52.

Defendant Bower battered Plaintiff by intentionally making physical contact of an insulting or provoking nature with her person as contemplated by O.C.G.A. §16-5-23.

53.

As a result of Defendant's conduct Plaintiff is entitled to punitive damages.

## COUNT V
### Assault

54.

Plaintiff incorporates the allegations contained in paragraphs 1 through 53, as if specifically pled herein.

55.

Defendant Bower committed the offenses of assault by placing Plaintiff in reasonable apprehension and fear of an attack as contemplated by O.C.G.A. § 16-5-20.

56.

That Plaintiff has been apprehensive at work on a daily basis since February 17, 2012 when Plaintiff was struck by Defendant Bower.

## COUNT VI
### Intentional Infliction of Emotional Distress

57.

Plaintiff incorporates the allegations contained in paragraphs 1 through 56, as if specifically pled herein.

58.

The Defendant did not provide a safe work environment for Plaintiff, and she was forced to work in fear for her job and safety from February 27, 2012 until she was wrongfully terminated on May 21, 2012.

59.

Defendants' conduct was extreme, outrageous and insulting, so as to naturally cause humiliation, embarrassment and fear on the part of Plaintiff such that Plaintiff is entitled to recover damages for emotional distress caused by Defendants' conduct.

## COUNT VII
## Conspiracy to Interfere With Employment Relations

60.

Plaintiff incorporates the allegations contained in paragraphs 1 through 59, as if specifically pled herein.

61.

Defendant Bower conspired to and successfully interfered with Plaintiff's business relations and prospective economic growth by maliciously procuring her termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court allows this case to go forward, that a jury be empanelled, and that Plaintiff recover:

(a)   Actual and consequential damages as proven;

(b)   Compensatory damages;

(c)   Equitable relief, including promotion to the Manager position;

(d)   Punitive damages payable to Plaintiff as allowed by law and as decided by a fair and impartial jury so as to punish defendants and to deter future discriminatory and unlawful conduct;

(e)   Back Pay as allowed by law;

(f)   Front Pay as allowed by law;

(g) Prejudgment interest on back pay;

(h) All relief to which Plaintiff is entitled under §1981;

(i) All relief to which Plaintiff is entitled under state law claims;

(j) Costs of litigation and attorneys fees, and

(k) All other relief to which Plaintiff is entitled under the law.

## JURY DEMAND

Plaintiff requests trial by jury of all issues in this action.

Respectfully submitted this 14th day of August, 2012.

Valerie V. Vie
/s/ Valerie V. Vie

5682 Palazzo Way, Suite 102
Douglasville, Georgia 30134
Georgia Bar No. 727617
Tel: 770-949-1102
Fax: 770-949-1103
valerievie@hotmail.com

Lucinda Jones
/s/ Lucinda Jones

8491 Hospital Drive
Douglasville, Georgia 30134
Georgia Bar No. 402509
Tel: 770-874-2994
advocate.lucinda@gmail.com