IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANESHA REMBERT<br><br>Plaintiff<br><br>MOUNT VERNON INTERNAL<br>MEDICINE, LINDA BOWER,<br>DR. SHARON P. TINANOFF,<br>DR. CHARLES D. COHN,<br>DR. JEFFREY P. POLEKOFF, and its<br>assigns, successors in interest et al.<br><br>Defendants. | Civil Action File No.:<br>1:12-CV-02811-JOF-JSA |

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

COME NOW, Mount Vernon Internal Medicine ("MVIM"), Linda Bower ("Bower"), Dr. Sharon P. Tinanoff ("Tinanoff"), Dr. Charles D. Cohn ("Cohn"), and Dr. Jeffrey P. Polekoff ("Polekoff"), Defendants in the above-styled action, and file this Motion to Dismiss Plaintiff's Complaint and Brief in Support, pursuant to Federal Rules of Civil Procedure, 12(b)(6) and 42 U. S. C. §2000e, showing this Court as follows:

### Introduction

On August 14, 2012, Plaintiff filed a Complaint against these Defendants alleging wrongful termination based on racial discrimination.  See Plaintiff's

50798807-1

Complaint, generally. Plaintiff alleges that Defendants violated Plaintiff's equal protection rights under Title VII and the Fourteenth Amendment. Id. Prior to filing her Complaint, on April 10, 2012, Plaintiff filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation from February 17, 2012 through April 10, 2012 while employed at MVIM. On May 21, 2012, the EEOC closed its investigation on Plaintiff's claim and noted that Defendants "employ[ed] less than the required number of employees or is not otherwise covered by the statutes." See, Dismissal and Notice of Rights, attached hereto as Exhibit 1. Following such dismissal, Plaintiff filed this lawsuit.

## Argument and Citation of Authority

Title VII of the Civil Rights Act of 1964 makes it unlawful for "an employer ... to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's **race**, color, religion, sex, or national origin." 42 U. S. C. §2000e-2(a)(1). It further defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U. S. C. §2000e(b). In the instant case, Defendant MVIM, which was owned by Defendants Tinanoff, Cohn, and Polekoff, employed Defendant Bower as the Practice Administrator.

Plaintiff was also employed by Defendant MVIM from February 2008 through May 30, 2012.

During the entirety of Plaintiff's employment, MVIM never had 15 or more employees working for the practice. See, Exhibit 1. At the time of Plaintiff's discharge, MVIM employed only 12 employees. In the 20 months prior to Plaintiff's discharge, the practice never employed more than 14 individuals. Id. Based on this, the EEOC closed its file as there is no claim under Title VII. Id. As Defendants are not covered under Title VII or any other such statutes with regards to Plaintiff's equal protection claims, there is no Federal Question in this case. As such, Defendants move this Court to dismiss Plaintiff's Complaint for failing to state a claim which can be granted. Defendants further move this Court to dismiss Plaintiff's state claims of assault, battery, intentional infliction of emotional distress, and conspiracy to interfere with employment relations as such claims are not within this Court's subject matter jurisdiction and are not proper questions before this Court.

## Conclusion

As concluded by the EEOC in their investigation, and as admitted by Plaintiff in her Complaint, Defendants did not employ the required number of employees for Title VII to apply in this case. As such, Plaintiff has failed to state a claim for which relief can be granted. Thus, Defendants move this Court to

dismiss Plaintiff's claim. Further, Defendants move this Court to dismiss Plaintiff's state claims of assault, battery, intentional infliction of emotional distress, and conspiracy to interfere with employment relations as such claims are not within this Court's subject matter jurisdiction and are not proper questions before this Court.

Respectfully submitted, this 16th day of October, 2012.

                HALL BOOTH SMITH & SLOVER, P.C.

                _____
                Richard N. Sheinis
                Georgia Bar No. 639865
                Nichole L. Hair
                Georgia Bar No. 474182
                *Attorneys for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANESHA REMBERT )<br>)<br>Plaintiff )<br>)<br>)<br>)<br>MOUNT VERNON INTERNAL )<br>MEDICINE, LINDA BOWER, )<br>DR. SHARON P. TINANOFF, )<br>DR. CHARLES D. COHN, )<br>DR. JEFFREY. POLEKOFF, and its )<br>assigns, successors in interest et al. )<br>)<br>Defendants. ) | Civil Action File No.:<br>1:12-CV-02811-JOF-JSA |

## CERTIFICATE OF SERVICE

**I hereby certify** that I have this day served a copy of the within and foregoing **Motion to Dismiss** upon all parties to this matter by depositing a true and correct copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon to all counsel of record as follows:

Valerie V. Vie, Esq.
5682 Palazzo Way, Suite 102
Douglasville, GA 30134

Lucinda Jones, Esq.
8491 Hospital Drive
Douglasville, GA 30134

This 16th day of October, 2012.

HALL BOOTH SMITH & SLOVER, P.C.

/s/ Nichole L. Hair

Nichole L. Hair
Georgia Bar No. 474182
*Attorneys for Defendants*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
(404) 954-5020 Fax

This is to certify that this document was prepared in accordance with Court Rule L.R. 5.1B, N.D. Ga., in the Times New Roman 14 Point.
50798288-1